Interpreter 5610, have a person using sign language to communicate. The caller is saying, do they argue first or do I speak first? They, what do you mean? I mean, they argue first, but do you have something to say? So, please go ahead. Do you have something to say about being young? Okay, yes. In 2014, I had sent the documents and then later on, they went to the state court and they found more clearly and they sent more documents that were sent. We've already sent all the documents in depth. Just so I'm clear, are you now speaking for Mr. Wang? Yes. Okay. Right. Yes. Proceed. Go ahead. Thank you. And I just want to know what is IBM's question. I wanted to hear their argument first and then I would, a response to that. The way our process works is that the person appealing goes first. Mr. Wang will have two minutes in rebuttal. So, he can speak now for three minutes and then international business will speak for five and then Mr. Wang will have two minutes. Okay. So, back in 2014, I had bought a house for $3 million and then $8 million in the state of California and we sent that. And then they never filled out in the court system until I went to the state and then they told me, they explained to me more clearly that I had to send more paperwork. So, they needed to explain more about what was happening in 2014. He's done. He's done? Uh-huh. Judge Carney? Yes, I'd like to ask Mr. Wang about the $217,000 settlement amount payment that I understand IBM made to him under the original settlement agreement. Did he accept that money? The lawyer told me that I had to accept the money. His position now is that he didn't agree to the settlement. Has he ever tried to return that money? I don't have the money, no. I never sent it back. And Judge Ricchetti sat on this case from the very beginning through the orders that Mr. Wang is now contesting. Is there something in particular that he thinks Judge Ricchetti has overlooked? I understand his argument to be that had he known about the proposed second order that he filed, Judge Ricchetti would have ruled otherwise. But he has not done so. Is there something that Judge Ricchetti in particular is overlooking or does not know about, does Mr. Wang think? Give me one second. I'm not understanding that very clearly. Would you be able to explain it further? Let me try again. Judge Ricchetti is the only district court judge who has issued rulings in this case. But I understand that Mr. Wang is arguing that there's something Judge Ricchetti overlooked, that had he known about another submission by Mr. Wang, that he would have ruled otherwise. What is it that he thinks Judge Ricchetti overlooked or didn't know about? The second papers that I sent to the district courts, I don't know if they filed that in the court system. The case proceeded and I'm not sure if they were filled out there or not. So it's the second paperwork that I sent, I'm not sure if they accepted them or not. But doesn't Judge Ricchetti know about those because he brought them to Judge Ricchetti's attention? I don't know. I mean, I sent them in, I filled them out in the court system. I don't know after that. I did send them in. I don't know where they went or if they were processed. Okay, thank you very much. That's all I have. This is Judge Gatzman. I just have one question. Your view, as I understand it, was that IBM was willing to settle your case for $207 million. That amount of money is far greater, many times greater than your salary at IBM. Can you add anything to explain to the court? How this apparent misunderstanding over the amount of the settlement came to be? Yes, when I read, it said that it was a sexual harassment case and I won $134 million. And then I let them know, I let my lawyer, I told them, you know, and they said, okay, I understand. And then they proceeded with that. And then when I got the summit judge that more money, and then he wanted, you know, he said more, more money. He said $3 million. And then that was what the judge had said, $3 million. And then so it was a small and they wanted to, there was a miscommunication there with the judge because the judge wanted to increase the amount. Thank you. Mr. Wang will have two minutes in rebuttal. I will now hear from Mr. Weisbrot representing your adversary. Thank you, Your Honor. May it please the court. Ms. Weisbrot, I'm sorry. Of course, Your Honor. The district court properly denied Mr. Wang's Rule 60B motion to vacate its decision enforcing the party settlement agreement for the following reasons. One, his motion is untimely. Two, the emails that form the basis for the motion are not newly discovered evidence under Rule 60B-2. And three, Mr. Wang failed to demonstrate grounds for release under any other subsection of Rule 60B. Rule 60B provides a mechanism for extraordinary judicial release available only if the moving party demonstrates exceptional circumstances. Exceptional circumstances simply do not exist here. First, the motion is untimely. Motion under Rule 60B must be made within a reasonable time and for reasons 1, 2, and 3, no more than one year after the order. The limitations period is absolute. Mr. Wang filed his Rule 60 motion in July 2019, almost five years after the district court granted the motion to enforce on October 7, 2014. When a motion under Rule 60B is untimely, the inquiry ends there and the motion should be denied without further analysis. Second, the emails regarding Mr. Wang's plans to purchase multimillion-dollar homes in California are not newly discovered evidence under Rule 60B-2 because he was not justifiably ignorant of the documents at the time the motion to enforce was briefed. And more significantly, the documents would not have changed the outcome. Judge Versetti subsequently received and reviewed the documents and unequivocally stated that the evidence would not have caused him to reconsider his decision to enforce the settlement. Notably, the documents at issue are only relevant to the issue of actual authority, whether Mr. Wang actually gave his attorney's authority to settle for the sum of $207,000. They bear no relevance to the issue of apparent authority. Third, Mr. Wang failed to demonstrate grounds for release under any other section of Rule 60B. Generally, Clause 1 has been invoked to remedy the mistake of a party or his representative. However, any purported mistake or inadvertence would have to have caused harm in order for the extraordinary relief of vacating a judgment to be appropriate. But again, here, Judge Versetti would have come to the same decision even after he reviewed, even had he reviewed the emails at issue. The prejudice that IBM would suffer if Mr. Wang's motion is granted is yet another reason why Mr. Wang cannot succeed under Rule 60B-1. Clause B-3 is similarly inapplicable because there's no allegation that IBM or its counsel engaged in misconduct that substantially interfered with Mr. Wang's ability to present any evidence. And again, at this point, all evidence has been reviewed by Judge Versetti. A judgment is only considered void under 60B-4 if it's determined that the court lacked jurisdiction or acted inconsistent with due process. However, this section is not appropriate to vacate an order of settlement where, as here, there is no serious question raised as to the regularity of the proceedings that led to the settlement. Clause B-5 only applies where there's a judgment that's been satisfied, released, or discharged, or is based on an earlier judgment that's been reversed or vacated, or applying it prospectively is no longer equitable. And clearly, those circumstances do not exist here. Finally, whereas here a party's 60B motion is premise on grounds covered by a reason stated in Rule 60B-1 through 5, release under 60B-6 is foreclosed. Notably, Rule 60A is also inapplicable because it only applies to changes that are required to implement the results that were intended by the court. And the order at issue here accurately reflects the court's decision on the motion to enforce. In sum, this court should affirm the district court's decision denying the motion to vacate. Thank you. Are there any questions for Ms. Weintraub? I have no questions. I have no questions. I have no questions either. I have also no questions. Thank you. Thank you, Your Honors. Thank you. Mr. Wang, you will now have two minutes. Okay. Well, my lawyer didn't know about the specifics of 60B. The lawyer didn't know about that. And I can say in that fact that, you know, we didn't know about that order. And for the due process, and we did send that first paperwork was wrong, and we submitted it. There was no explanation on the process of what to do because the lawyer didn't know the process of what was going on. So there was a mistake, and they didn't know when they were filling out that paperwork. They didn't have any idea. So the district court never made a decision on the second when we bought the house and we proved that. They never made that decision or asked the state court to release that and to make it clear. And so that is my argument is the due process. There was something was missing of the federal court that never heard my oral argument, depending on the miscommunication of the lawyer. And then the state court heard mine. Clearly, they wrote down what they said, and their opinion was clear because they had already heard my argument, but they never heard, the federal court never heard only what was on paper on that decision that was made. Thank you. Thank you both for your argument. The court will reserve decision.